UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND OTTO ELLIS, JR.,

    Plaintiff,

vs.

HAMILTON COUNTY JUSTICE
CENTER, *et al.,*

    Defendants.

Case No. 1:05-cv-474

Barrett, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (doc. 32) BE GRANTED, ALL PENDING MOTIONS BE DENIED AS MOOT, AND THIS CASE BE CLOSED**

Plaintiff initiated this action on by filing a *pro se* complaint against "The Hamilton County Justice Center, The Sheriff of Hamilton County, and the Medical staff of Hamilton County Justice Center" alleging that he was denied medical care while incarcerated at the Hamilton County Justice Center in violation of 42 U.S.C. § 1983. (Doc. 1.)  Specifically, Plaintiff's handwritten complaint states*:*

    1.    Around 12-06-03 was bite from spider while locked up in general population awaiting trail.  Reported problem to medial staff on 12-07-03 and 3 times a day until trail date 12-18-03.  Told medical staff of infection problems.
    2.    Told Public Defender at Pre-trail was told by him to Plea Guilty and I would be seen by Doctor.
    3.    Judge told Sheriff Deputy to have me seen by Medical Staff due to my problem and fact of allmost passing out in Court from pain and swelling of testicle's and constent fever of 100 plus.
    4.    Was finally seen on 12-23-03.  Temp 100.
    5.    Sent to Hospital but was to late to treat problem.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

      6.     Had to have R testicle removed
      7.     In November 04 finally healed and relaced from Doctor's Care.

*Id.*

As a result, Plaintiff asks for damages in the amount of "$20,000,000.00 for my pain and loss of R testicle due to lack of proper medical care, while being held with high bond $100,000 cash, in general population while awaiting Trail." (Doc. 1).

This civil action is now before the Court on Defendants' motion for summary judgment (doc. 32), and the parties' responsive memoranda (docs. 38, 39.)[2]

## FACTUAL BACKGROUND

On December 6, 2003, Rev. Raymond Ellis was incarcerated at the Hamilton County Justice Center. (Doc. 1.) As noted above, Plaintiff alleges that he was bitten in the scrotal sack by a spider while at the Hamilton County Justice Center, and he alleges that he reported his problem to the medical staff at the Justice Center on December 7, 2003. (Doc. 1.) Plaintiff further alleges that he was not seen for the spider bite until December 23, 2006, and, as a result of the delay, he lost his right testicle. (Doc. 1.)

Presumably, Plaintiff asserts that Defendant Hamilton County Sheriff Simon Leis is responsible for the alleged failure to provide adequate medical care, and for the alleged failure of the deputies under his employ to provide adequate medical care, which alleged failures purportedly violate Plaintiff's constitutional rights. (Doc. 1.)

---

[2] Defendant's motion for summary judgment is supported by Plaintiff's deposition testimony (doc. 31), and the affidavits of Simon Leis, Jr. (doc. 35) and Jeff Eiser (doc. 34).

Plaintiff claims that from December 7, the morning after the alleged spider bite, until December 23, 2003, he was brought to the medical center of the Hamilton County Justice Center twice a day for blood sugar tests. (Ellis Dep. at 38.)

The medical services unit had two notes for treatment for the Plaintiff from December 7 through December 23, 2003. The first note describes low back pain and hip pain on December 10, 2003, at 9:00 a.m. (Ellis Dep. at 41 - 42.) There is no mention of genital or scrotal injury. The second note occurs on December 23, 2003, and it describes the scrotal abscess and subsequent treatment. (Ellis Dep. at 44.) There is no indication that the medical services staff ignored or failed to treat the Plaintiff. Plaintiff has no explanation why there are no other references to the alleged spider bite or scrotal abscess. (Ellis Dep. at 43).

The Hamilton County Sheriff's Office has policies and procedures in place which address the continued health care as well as access to heal th care for the inmates. (Eiser Aff., Ex. A.)[3] These policies are in conformity with the minimum standards for full service jails in Ohio. Each correction officer is trained extensively in all Hamilton

---

[3] The policies and procedures address, *inter alia,* the followings issues:

> Medical screening of inmates at intake; Intake health screening form; Supervision of Inmates Re: Infirmary clinic appointments, medical treatment, etc.; Health Care Plan for 24 hours coverage and other procedures, Nos. E.1-E.8; Health Screening; Managements of Pharmaceuticals; Health Care Services under the Control of a Designated Physician; Daily Triaging of Complaints; Sick Call Schedule conducted by Facility Physician; Health Appraisal; Initial Classification Procedures; Inmate Initial Classification form; Detoxification of inmates; Property control at intake.

*Id.*

County Sheriff's Office rules, regulations, policies, and procedures. Corrections officer training includes, *inter alia*, handling medical problems and conducting preliminary health screening at the Justice Center. *Id.*

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## DISCUSSION

A. *Plaintiff has Failed to Establish a Constitutional Violation and/or Deliberate Indifference by Defendants*

In order to maintain an action against the Hamilton County Defendants for the acts of its employees, Plaintiff must establish that the County itself caused a constitutional

deprivation. The County Defendants cannot be held responsible under a theory of *respondeat superior*. It must be shown that the County Defendants, through a custom or policy, caused the alleged constitutional violation. *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

Furthermore, in order to state a cognizable claim under §1983, in connection with the medical care provided an inmate or detainee, the plaintiff must prove a deliberate indifference to a serious injury or illness. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). An inadvertent failure to provide adequate medical care does not constitute a §1983 violation, nor does proof of negligence in the diagnosis or treatment of a medical condition. *Id*. at 106.[4] Only deliberate, conscious and intentional misconduct on the part of a defendant will support a claim under §1983. *Daniels v. Williams*, 474 U.S. 327 (1986). To meet the "deliberate indifference" standard, the inmate must show the prison official had "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

That a plaintiff in a §1983 action is able to show that a defendant took or failed to take some action does not, by itself, establish liability. A plaintiff must prove that the defendant acted or failed to act with, at the very least, deliberate intent and that the defendant, by the action or inaction, caused the injury. The custom or policy must be the "moving force" behind the violation. *Id*. at 694. "To satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the

---

[4] A claim of negligence, notwithstanding injury, does not state a claim for which relief can be granted under §1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1992).

particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)).

Here, Plaintiff purportedly alleges that the Sheriff failed to provide medical services, was deliberately indifferent, and was negligent. However, Plaintiff has failed to show that the Defendants acted or failed to act with deliberate intent, and that such action or inaction caused injury to Plaintiff.

Plaintiff was seen approximately 32 times by the medical staff, and Plaintiff's record of movement history demonstrates that Plaintiff was seen daily from November 15, 2003, through January 16, 2004 by the medical staff. (Eiser Aff. Ex. A.) Furthermore, as noted above, a treatment note from December 10, 2003 (three days after the alleged spider bite) notes only low back and hip pain, and does not mention a genital or scrotal injury. Moreover, a treatment note from December 23, 2006, describes the scrotal abscess and subsequent treatment. (Ellis Dep. at 44.) The evidence of record establishes that Plaintiff received adequate medical care while he was incarcerated at the Hamilton County Justice Center.

Moreover, as noted above, the County Defendants cannot be held responsible under a theory of *respondeat superior*, and Plaintiff must show that Defendants, through a custom or policy, caused the alleged constitutional violation. Plaintiff has not identified any policy or custom responsible for his alleged harm. To the contrary, the evidence of record establishes that Sheriff Leis has established policies and procedures regarding intake

medical screening, medical treatment and access to treatment at the Justice Center; and Plaintiff was evaluated and treated according to the policies and procedures. (*See* Leis Aff.)

Accordingly, based on the foregoing, the undersigned finds that the Hamilton County Defendants are entitled to judgment as a matter of law.

B.  *Sheriff Leis Is Entitled to Qualified Immunity*

Qualified immunity serves to shield government employees from liability when performing discretionary functions in the course of their employment. *Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982). Its purpose is to protect such employees from unjustified lawsuits. *Id.* at 806.

Qualified immunity involves a three- step inquiry. *Feathers v. Aey,* 319 F.3d 843, 848 (6th Cir. 2003). First, a court must determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. *Id.* Second, a court must consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Id.* Third, a court must determine whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Id. (*citing *Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir.1999) (*en banc*) (citing *Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir.1996)); *see also Saucier v. Katz,* 533 U.S. 194 (2001).

Thus, the first question for the Court is whether Leis, acting under the color of state

law, committed a constitutional violation. *Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004) A claimed constitutional violation must be based upon active unconstitutional behavior. *Id.* (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id*.

Plaintiff has failed to demonstrate that Leis engaged in any active unconstitutional behavior. In fact, Plaintiff's complaint does not attribute specific acts to Sheriff Leis, but, instead, the complaint is purportedly based solely on the actions of his unnamed deputies. Furthermore, Plaintiff's complaint alleges no specific unconstitutional policy, custom, or practice on the part of Sheriff Leis, nor does it allege that Leis acted in any capacity other than the employer of the deputies.

In failing to assert, much less identify, any constitutional wrong committed by Leis, Plaintiff has failed to set forth anything establishing a claim under 42 U.S.C. § 1983. *See Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004). Thus, the undersigned finds that Leis is entitled to qualified immunity.

  C. *Plaintiff's State Law Claims, if any, Should be Dismissed*

  To the extent that Plaintiff has alleged state law claims against the Defendants, it is not necessary to address the merits of those claims.

  Pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). Moreover, the Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) (*citing United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.").

  Accordingly, in light of the recommendation that the Defendants are entitled to summary judgment on Plaintiff's federal claims, it is further recommended that Plaintiff's state law claims should be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** (doc. 32), all pending motions be **DENIED as MOOT**, and this case be **CLOSED**.


Date:10/30/06                              s/Timothy S. Black

                                           Timothy S. Black
                                           United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RAYMOND OTTO ELLIS, JR.,

    Plaintiff,

vs.

HAMILTON COUNTY JUSTICE
CENTER, *et al.*,

    Defendants.

Case No. 1:05-cv-474

Barrett, J.
Black, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).